NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERIC ANDERSEN; DIANA CASTILLO; OSCAR REYES; CORRINE PACHECO,

Plaintiffs - Appellants,

v.

UNITED PARCEL SERVICE, INC. (DELAWARE), a corporation; DOES, 1-20, inclusive,

Defendants - Appellees.

No. 24-4889

D.C. No. 5:23-cv-00027-JGB-SP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted June 12, 2025
Pasadena, California

Before: CLIFTON, BYBEE, and FORREST, Circuit Judges.

Eric Andersen, Diana Castillo, Oscar Reyes, and Corrine Pacheco (collectively "Appellants") appeal the district court's partial grant of summary judgment in favor of United Parcel Service, Inc. (UPS). We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

28 U.S.C. § 1291 and review the district court's grant of summary judgment de novo. *Rodriguez v. Bowhead Transp. Co.*, 270 F.3d 1283, 1286 (9th Cir. 2001). We affirm in part, reverse in part, and remand for further proceedings.

1. Appellants argue that, contrary to the district court's conclusion, the National Labor Relations Act (NLRA) does not preempt their wrongful-termination and retaliation claims because they were not union members when they filed their grievances. Section 7 of the NLRA guarantees employees the right "to form, join, or assist labor organizations, to bargain collectively . . . , and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157. "When an activity is arguably subject to [§] 7 or [§] 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board . . . ." *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959).

In their opening brief, Appellants acknowledge that they "prepared their claims as a group" and "all jointly complained about unpaid wages." Regardless of whether they were union members at the time they did so, Appellants claimed that UPS discharged them for conduct in which they acted together to achieve a common goal, so the NLRA preempts their wrongful-termination and retaliation claims. *See NLRB v. City Disposal Sys. Inc.*, 465 U.S. 822, 830 (1984); *Salt River Valley Water Users' Ass'n v. NLRB*, 206 F.2d 325, 328 (9th Cir. 1953).

2. Appellants argue that they brought claims for several different types of unpaid wages. Evidence in the record points to six: (1) the discrepancy between their promised wage of $40.51 per hour and the actual wage initially paid of $21 per hour for their work as drivers (for which UPS provided evidence of corrective payments and claims to have fully reimbursed Plaintiffs, (2) show-up pay, (3) expenses, (4) shorted overtime, (5) shorted regular hours, and (6) the discrepancy between promised pay of $18 per hour and the actual payment of $15 per hour for their work as pre-loaders. We do not consider any claims of unpaid expenses, because the district court denied summary judgment to UPS as to all Appellants except Reyes, and neither party contests this on appeal.

As to the other types of claimed unpaid wages, although not entirely clear from the briefing and argument, Appellants Castillo, Reyes, and Pacheco contend that UPS did not fully compensate them for the discrepancy between the promised $40.41 hourly rate and $21 hourly rate that UPS initially paid for their work as drivers. Additionally, from Appellants' record cites and oral argument, it appears that Andersen claims that UPS owes him show-up pay; Castillo, Reyes, and Pacheco claim that UPS owes them for overtime and regular hours; and Castillo and Pacheco claim that UPS owes them for a discrepancy between what UPS allegedly promised to pay them ($18 per hour) and what it actually paid them ($15 per hour) for their work as pre-loaders. The district court itself concluded that Appellants' "evidence

is sufficient to create an issue of material fact as to the issue of remaining unpaid wages."

Despite this finding, the district court granted summary judgment to UPS on Appellants' claim for unpaid wages, concluding that none of the specific sections of the California Labor Code under which Appellants brought their claim provide a private right of action. The district court declined to entertain Appellants' unpaid-wages claim under California Labor Code § 201 because it determined that Appellants had failed to allege the claim in their complaint. Although Appellants did not cite §§ 201 or 218 in count three of their complaint, they did cite § 201 in count four. In their complaint, they also stated that under § 201, they "were entitled, upon termination, to timely payment of all wages earned but unpaid prior to termination" and that they "suffered damages in an amount, subject to proof, to the extent they [were] not paid for all wages earned prior to termination," and made similar arguments in their opening brief. We conclude that Appellants sufficiently alleged a claim for unpaid wages under § 201 and that §§ 201 and 218, taken together, indicate, in "clear, understandable, unmistakable terms" that the California "Legislature intended to create a private cause of action." *See Lu v. Hawaiian Gardens Casino, Inc.*, 236 P.3d 346, 348 (Cal. 2010) (citation omitted). Section 201 expressly states that "the wages earned and unpaid at the time of discharge are due and payable immediately." We find no support for UPS's claim that waiting-time

penalties under § 203 exhaust the remedy for a violation of § 201. Accordingly, we reverse the district court's grant of summary judgment to UPS as to Appellants' unpaid-wages claim.

3. Appellants contend that they are entitled to waiting-time penalties under California Labor Code §§ 201(a) and 203(a) because UPS did not pay them all outstanding wages at the time of their termination. We conclude, contrary to UPS's claim, that Appellants have not forfeited this argument.[1] There is evidence in the record that it took as long as three weeks after UPS ended Appellants' employment for UPS to make corrective payments. Given this delay, there is a genuine dispute as to whether UPS acted reasonably and in good faith. *See Naranjo v. Spectrum Sec. Servs., Inc.*, 547 P.3d 980, 983 (Cal. 2024). We reverse the district court's grant of summary judgment in favor of UPS as to Appellants' claim for waiting-time penalties.

4. Finally, Appellants argue that the Labor Management Relations Act (LMRA) does not preempt state-law claims that are independent of a collective bargaining agreement, and that their breach-of-contract claim is based on "verbal promises" and "written wage theft prevention notices" rather than the collective

---

[1] UPS argues that Appellants forfeited this issue by challenging only willfulness on appeal, claiming that "there is another component to § 203, which is good faith." That assertion is belied by the very cases that UPS cites in its briefing, which make clear that good faith is part of the willfulness inquiry. *See, e.g., Armenta v. Osmose, Inc.*, 37 Cal Rptr. 3d 460, 469 (Cal. Ct. App. 2005).

bargaining agreement. But Appellants do not dispute that the collective bargaining agreement between UPS and the union set the wage rate for their positions. Therefore, regardless of how Appellants attempted to plead their breach-of-contract claim, the LMRA preempts it. *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987).

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FUTHER PROCEEDINGS.**

24-4889